UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. FUQUA, | No. 2:15-cv-0105 MCE CKD (HC) |
| Petitioner, | |
| v. | ORDER AND |
| KEVIN R. CHAPPELL, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

In 1987, in the Sacramento County Superior Court, petitioner was convicted of first degree murder and sentenced to 27 years to life. (ECF No. 1 at 1.) In the petition, he asserts that "[t]he imposition of the 'no-parole policy' and the failure to set a specific parole date violates the Ex Post Facto Clause prohibitions of the state and federal Constitution." (Id. at 8.)

Petitioner presented his claim in a habeas petition to the Sacramento County Superior Court, which denied it in a reasoned decision on August 15, 2014. (Id. at 31.) The superior court summarized the claim as follows:

1

> It appears that Petitioner was last denied parole for five years in 2010. He now claims that the Board of Parole Hearings ('BPH') is improperly using the regulations to undermine Penal Code section 3041, which states that inmates should ordinarily be released on parole after a suitability hearing. He further argues that the BPH's 'no parole' policy violates the ex post facto prohibition against increasing punishment after commission of the offense.

(Id. at 31.)

After deeming part of the petition repetitive and successive, the superior court addressed petitioner's claim on the merits:

> Petitioner argues that the [Board of Parole Hearings] is following a 'no parole' policy, attaching a declaration from Albert Leddy, a former member of the Board of Prison Terms (the predecessor of the BPH). However, that declaration, executed in 2000, only describes Leddy's knowledge of the BPT while he was a commissioner between 1983 and 1992. It does not provide any evidence to support Petitioner's claim that the current BPH has a 'no parole' policy. Consequently, Petitioner has not shown that he is entitled to any relief.

(Id. at 32.) The Court of Appeal for the Third Appellate District and the California Supreme Court later denied the claim in summary decisions. (Id. at 33-35.)

II. Screening

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

Here, insofar as petitioner argues that the BPH is interpreting state administrative regulations in conflict with state sentencing law, this issue is not cognizable under § 2254. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). Moreover, petitioner has not shown that the state

2

1  courts' decision on his claim was objectively unreasonable under § 2254(d).

2      Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
3  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
4  any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Because
5  it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas
6  relief on his claim, the undersigned will recommend that the petition be summarily dismissed
7  pursuant to Rule 4.

8      Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in forma
9  pauperis (ECF No. 3) is granted.

10      IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to
11  Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

12      These findings and recommendations are submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
14  after being served with these findings and recommendations, petitioner may file written
15  objections with the court.  Such a document should be captioned "Objections to Magistrate
16  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
17  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
18  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

19  Dated:  March 18, 2015

                                    _____
                                    CAROLYN K. DELANEY
                                    UNITED STATES MAGISTRATE JUDGE

26  2/fuqu0105.R4_fr